In the Matter of PATRICIA ANN DEMPSEY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 12, 1988

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Anne L. Powers* of counsel), for petitioner.

*Reilly, Like & Schneider (Bernard J. Reilly* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on March 16, 1977.

In this proceeding the Special Referee sustained the two charges of professional misconduct. The first charge alleged that the respondent represented her brother and sister-in-law in the sale of their cooperative apartment in a Mitchell Lama subsidized housing project; that pursuant to the Private Housing Finance Law, the resale price of the shares of the cooperative apartment was limited to $16,000 and the contract of sale stated the selling price as to be that amount. The sellers of the cooperative apartment submitted an affidavit to the New York State Division of Housing and Community Renewal certifying the purchase price as being $16,000 when in fact the sellers received $77,000, and the sellers' signatures on that affidavit were notarized by the respondent. The respondent wrote a letter to the purchasers' attorney regarding a promissory note of $61,000 and later acknowledged in writing the receipt of $54,900 as the balance of the money owed to the sellers pursuant to the note. Further, an application relative to the sale was submitted to the Rivercross Tenants Corporation indicating a purchase price of $16,000. That application named the respondent's brother and sister-in-law as the proposed sellers and the respondent as their attorney.

The second charge alleged that the respondent was convicted upon her plea of guilty in the Supreme Court, New York County, on September 9, 1986, of violation of Executive Law § 135-a (2), an unclassified misdemeanor, and was sentenced to a conditional discharge. This conviction was a result of having "practiced fraud or deceit by notarizing an affidavit which she knew would be filed in the County of New York." This charge relates to the transaction alluded to in the first charge.

The petitioner moves to confirm the report of the Special Referee and the respondent submits an affirmation in response thereto.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the professional misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the isolated nature of the respondent's transgression, the fact that she has been punished for her crime, has a previously unblemished record and has an excellent reputation as an attorney. Accordingly,

the respondent should be, and hereby is, censured for her misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that Patricia Ann Dempsey is censured.